# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 13-00264-TLM |
| THOMAS M. RICKS, ) | |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION
### ON MOTION FOR RECONSIDERATION
_____

**INTRODUCTION**

Following a September 23, 2015 evidentiary hearing in this case, this Court entered a detailed and extensive oral ruling. The Court denied the request of debtor Thomas Ricks ("Ricks") for relief from an earlier stipulated order that required Ricks to confirm a chapter 11 plan by a date certain or the case would be dismissed with a 9-month bar on refiling.[1] In its ruling, the Court also granted creditor motions under § 1112(b) seeking dismissal or conversion of the case to a chapter 7 liquidation.[2] In evaluating the best interests of creditors and the estate,

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532. References to "Rules" are to the Federal Rules of Bankruptcy Procedure and to "Civil Rules" are to the Federal Rules of Civil Procedure.

[2] The Court held that while Ricks stipulated with the United States Trustee to dismissal with a 9-month bar, this did not bind other parties from advocating, or the Court from considering, either a longer bar on dismissal or a conversion to chapter 7.

MEMORANDUM OF DECISION - 1

*see* § 1112(b)(1), the Court considered both conversion of the case and the alternative of dismissal with a 2-year bar on filing imposed under § 349(a). The Court concluded, upon the evidence and record and over Debtor's opposition, that conversion was not prohibited under § 1112(c). On September 25, 2015, the Court entered an Order converting the case to a chapter 7. Doc. No. 521.[3]

On October 9, Ricks filed a "Motion for Reconsideration and/or to Alter or Amend Order." Doc. No. 528 ("Motion"). The Motion was supported by a brief, Doc. No. 528-1, and Ricks' affidavit, Doc. No. 528-2 ("Affidavit").

This Decision resolves the Motion.

## DISCUSSION AND DISPOSITION

### A. Procedures

Under the publicly posted procedures of this Court:

> All "motions to reconsider" (properly a motion under Federal Rules of Bankruptcy Procedure 9023 or 9024) shall be filed with the Clerk without obtaining a hearing date. The motion will be forwarded to chambers and Judge Myers will either rule on the motion *ex parte*, ask for a response from the parties, or notify all parties of a hearing date. Motions to correct clerical errors are addressed under Local Bankruptcy Rule 9024.1.

*See* http://www.id.uscourts.gov/bankruptcy/judges/myers/Motions_Practice.cfm. *See also In re Wahlin*, 2011 WL 1063196, *1 n.1 (Bankr. D. Idaho Mar. 21, 2011) (discussing procedure). Despite these procedures, which do not require a response

---

[3] The Court's oral ruling entered on that date constituted its findings of fact and conclusions of law. *See* Rules 7052, 9014.

MEMORANDUM OF DECISION - 2

unless requested, two responses were filed. Doc. Nos. 533, 534. The Court has reviewed all of the submissions and concludes no hearing is required.

As recognized in *Wood v. Loader (In re Loader)*, 424 B.R. 464, 466 (Bankr. D. Idaho 2009), motions to reconsider will be analyzed under either Rule 9023 (Civil Rule 59) or 9024 (Civil Rule 60) depending on the timing of the Motion. Here, the Motion cites to and relies upon Civil Rule 59(e), incorporated by Rule 9023.[4] As a Civil Rule 59 motion, it was timely filed.[5]

**B.      Civil Rule 59(e) standards**

This Court held in *In re Wallace*, 2013 WL 782721 (Bankr. D. Idaho Feb. 27, 2013):

> A motion "to reconsider" does not exist under the Rules and, when so asserted, it is treated as a motion under Fed. R. Civ. P. 59(e) made applicable by Fed. R. Bankr. P. 9023. *Hanson v. Finn (In re Curry and Sorenson)*, 57 B.R. 824, 826–27 (9th Cir. BAP 1986). A motion under Rule 59(e) to "alter or amend a judgment" will not be granted "absent highly unusual circumstances," and reconsideration of a judgment or order after its entry by the court "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (citations omitted). The trial court enjoys "considerable discretion" in granting or denying such a motion.

---

[4] Ricks' Motion also refers to Civil Rule 59(a). As noted in *In re Wallace*, the standards for a new trial under that rule are substantially similar to those under Civil Rule 59(e) (*i.e.*, a showing of manifest error of fact, manifest error of law, or newly discovered evidence). 2013 WL 782721, *2 n.4 (Bankr. D. Idaho Feb. 27, 2013) (citing *Janas v. Marco Crane & Rigging Co. (In re JWJ Contracting Co.)*, 287 B.R. 501, 514 (9th Cir. BAP 2002)). *See also Goodwin v. Beckley (In re Beckley)*, 2013 WL 865541, *3–4 (Bankr. D. Idaho Mar. 7, 2013). The same general approach, and burden on movants seeking relief, applies to both Civil Rule 59(a) and (e).

[5] Such a motion must be filed no later than 14 days after the entry of the subject order or judgment. Rule 9023. The Motion here was filed on the 14th day.

MEMORANDUM OF DECISION - 3

> *Id.* In a recent case, the Ninth Circuit phrased the Rule 59(e) standard as follows:
>
>> [A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.
>
> *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  A manifest error of fact or law must be one "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (quoting Black's Law Dictionary 563 (7th ed. 1999)).
>
> *Id.* at *2.  This Court has also stated:
>
>> A motion under [Civil Rule 59(e)] does not allow a party to "ask the Court to rethink matters already decided, to reargue matters already submitted, or to attempt to cure deficiencies in earlier submissions that were found to be inadequate." *In re Wilson*, 349 B.R. at 834, citing *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. B.A.P. 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996). Instead, Civil Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), *quoting* 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000).  It is well-settled that an aggrieved party may not use this rule to raise arguments or present evidence for the first time that could have been raised earlier in the litigation. *Carroll*, 342 F.3d at 945; *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Orange St. Partners v. Arnold*, 179 F.3d 656, 664–65 (9th Cir. 1999).
>
> *Marble v. United States*, 2008 WL 4545207, *1 (Bankr. D. Idaho Oct. 2, 2008).
>
> *See also Kona Enters., Inc. v. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule

MEMORANDUM OF DECISION - 4

59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Wahlin*, 2011 WL 1063196 at *2–3 (addressing standards for manifest error of law, manifest error of fact, and manifest injustice); *Elsaesser v. Fehrs (In re Fehrs)*, 2008 WL 4443062, *2–3 (Bankr. D. Idaho Sept. 26, 2008).

Ricks argued he was a farmer and, thus, conversion would be improper and the Court should instead dismiss this case if it did not grant relief from the prior stipulated order. The Court's ruling that § 1112(c) did not prohibit conversion was based on an evaluation of the entirety of the evidence presented at hearing on September 23. That evidence included Ricks' filed tax returns; testimony by the moving creditors' expert witness, Ryan McHugh; and testimony by Ricks and a tax preparer, Gary Thomas, called by Ricks. All this evidence went to the question—clearly placed at issue under the pleadings and pre-hearing submissions—of whether Ricks was a "farmer" within the compass of § 1112(c).

The Motion now urged is predicated on effectively one thing: post-hearing "amended" 2012 tax returns for Ricks and Ricks Ranches Inc. The Affidavit establishes the amended returns were prepared by Ricks and Thomas on October 5, 2015 and October 8, 2015 respectively, after entry of this Court's Order. *See* Affidavit at 6, 12. Thus, the evidence Ricks now wants the Court to consider was created *after* the matter had been fully tried, the parties had rested, and the Court

MEMORANDUM OF DECISION - 5

had ruled.

>    The Ninth Circuit has stated:
>
>> Cases construing "newly discovered evidence," either under 60(b)(2) or Rule 59, uniformly hold that *evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules*. *State of Washington v. United States*, 214 F.2d 33, 46 (9th Cir.), *cert. denied*, 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679 (1954); *United States v. Bransen*, 142 F.2d 232, 235 (9th Cir. 1944); *see generally* 11 C. Wright & A. Miller, Federal Practice and Procedure [§] 2859 at 182. Yet this was precisely the kind of evidence proffered by taxpayer in support of its motion for relief from judgment–evidence of events occurring after the first trial.

*Corex Corp. v. United States*, 638 F.2d 119, 121–122 (9th Cir. 1981) (emphasis added), impliedly overruled on other grounds, *Gregorian v. Izvestia*, 871 F.2d 1515, 1526 (9th Cir. 1989).

In *Raber v. Pittway Corp.*, 1992 WL 219016 (N.D. Cal. May 4, 1992), after the plaintiff's case was dismissed on defendant's motion contending plaintiff lacked standing, the plaintiff brought a motion under Civil Rule 59(a)(2) and (e). That court stated:

> In a last ditch effort to avoid dismissal, plaintiff asks this Court to consider a new declaration and a Revised Side Agreement, *both of which were executed after this case was dismissed.* This court declines to do so. *See Corex Corp. v. U.S.*, 638 F.2d 119, 121 (9th Cir. 1981). These documents are not evidence which this Court did not have before such that it would be "new" evidence, but rather are newly created evidence. This court will not permit plaintiff to create standing after the fact.

MEMORANDUM OF DECISION - 6

*Id.* at *4.[6]

And, as addressed in *Green v. United States (In re Green)*, 2013 WL 1724924 (Bankr. E.D. Va. April 22, 2013): "A critical requirement under Rule 59 is that the 'newly discovered evidence' not be in fact 'newly created evidence.'" *Id.* at *20 (discussing numerous cases and the deleterious impact on "bedrock principles of finality and certainty of litigation" from allowing such use of "newly created" evidence).

Ricks' brief in support of the Motion argues that the amended returns constitute both evidence newly "discovered" after the hearing and evidence "previously unavailable." They are neither. These October 2015 "amended" returns did not exist prior to the hearing or the Court's ruling and thus cannot properly fit within the case law dealing with evidence that existed but could not be "discovered" with due diligence. And they are not "previously unavailable" within the sense of the authorities; they are newly manufactured.

Ricks chose to battle with creditors over the issue of his "farmer" status based on the exhibits (including his filed tax returns for 2012) that were identified

---

[6] *See also Carroll*, 342 F.3d at 945 (holding Civil Rule 59(e) relief was unavailable where the movant's post-judgment invocation of previously unraised theories was "to remedy [that party's] own legal and strategic shortcomings").

MEMORANDUM OF DECISION - 7

prior to hearing,[7] on the testimony he provided,[8] and on his cross-examination of McHugh. The Court carefully and fully considered all that evidence and Ricks' arguments. In its oral ruling, it noted, among other things, that while Ricks claimed to have personally farmed certain real property and owned the crops there grown, his tax returns belied this, attributing that income to the corporation Ricks Ranches Inc.[9] The Court concluded that despite Ricks' testimonial assertions, his documents—including but not limited to the tax returns—impeached those assertions, and that Ricks had effectively hoisted himself on his own petard.

Having failed to carry his burden, Ricks has now created new, post-trial documents in an attempt to cure issues that attended his own evidentiary submissions at hearing. Case law recognizes that it is wrong for an unsuccessful litigant to use a Civil Rule 59(e) motion to seek another bite of the litigation apple.[10] This is worse. Creating new evidence, after the hearing has concluded, implicates principles of proper and deliberate process and finality. Advocating

---

[7] Ricks disclosed his proposed exhibits and potential witnesses on September 16. *See* Doc. Nos. 505, 506.

[8] Ricks also asserts manifest error based on the Court not accepting his testimony. Not only does this argument ignore contrary evidence, and the Court's ability to evaluate credibility and ascribe weight, Rule 59 is not available to simply ask the Court to rethink matters already decided or reargue matters already submitted.

[9] The Court also noted numerous inconsistencies in Ricks' treatment of income issues in schedules, statements, Rule 2015.3 reports, monthly operating reports and more, much of which was verified under oath, penalty of perjury or otherwise as being true and correct.

[10] *See Fehrs*, 2008 WL 4443062 at *3 (citing *Ward v. Sorrento Lactalis, Inc.*, 2005 WL 1378767, *1 (D. Idaho June 3, 2005)).

MEMORANDUM OF DECISION - 8

relief on such a basis offends the integrity of the judicial process itself.

**CONCLUSION**

Ricks' Motion lacks merit.[11] The same will be denied. The Court will issue an Order so providing.

DATED: October 16, 2015

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[11] The Court has considered all arguments advanced by Ricks, whether in addition to or supplementation of the primary one discussed above.

MEMORANDUM OF DECISION - 9