UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

|  |  |
|---|---|
| IN RE                              )  |  |
|                                    )  | Case No. 13-00264-TLM |
| THOMAS M. RICKS,                   )  |  |
|                                    )  | Chapter 7 |
|                                    )  |  |
|         Debtor.                    )  |  |
| _____ ) |  |

**MEMORANDUM OF DECISION
ON MOTION FOR STAY PENDING APPEAL**
_____

**INTRODUCTION**

Thomas Ricks ("Debtor"), filed a chapter 11 petition[1] on February 19, 2013. He controlled the case as debtor in possession for over a year and a half until this Court entered an oral decision and order converting the case on September 25, 2015. In so doing, the Court denied Debtor's request for relief from his earlier agreement and February 2015 stipulated order that required him to confirm a chapter 11 plan by a date certain some 8 months later.[2] In its September 25 ruling, the Court also granted creditor motions under § 1112(b) seeking conversion of the case to a chapter 7 liquidation, finding that the best interests of

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532. References to "Rules" are to the Federal Rules of Bankruptcy Procedure and to "Civil Rules" are to the Federal Rules of Civil Procedure.

[2] Debtor's attempt at confirming a plan was denied in August 2015.

MEMORANDUM OF DECISION - 1

creditors and the estate, *see* § 1112(b)(1), supported that decision and that, despite Debtor's opposition, conversion was not prohibited under § 1112(c).

Debtor subsequently filed a motion for reconsideration. This motion was based in large part on Debtor's contention that the sole testimonial evidence on the question of whether he was a farmer and, thus, whether conversion to chapter 7 was prohibited, was his own. He supported his request with amended tax returns designed to bolster his testimony, but those returns were manufactured after the hearing and after the decision. That motion was denied in a written decision. *See In re Ricks*, 2015 WL 6125559 (Bankr. D. Idaho Oct. 16, 2015).

The Order converting the case has been appealed. Debtor now seeks a stay pending appeal under Rule 8007. Doc. No. 546 ("Motion"). That request was opposed. It came on for hearing on November 16, and was taken under advisement following argument. This Decision resolves the Motion.

## DISCUSSION AND DISPOSITION

### A.   Authorities

This Court has recently explained the authorities applicable to a motion for stay pending appeal.

> A request for a stay pending appeal of a bankruptcy court order or judgment is governed by Rule 8007. Among other things, Rule 8007(a)(1) requires that "[o]rdinarily, a party must move first in the bankruptcy court for [ ] relief." The Rule thus recognizes the possibility of a subsequent request for a stay made to the district court or BAP if the appellant is unsuccessful at the trial court. As discussed

MEMORANDUM OF DECISION - 2

in *In re Pacifica Park Apts.*, LLC, 2013 WL 787969 (E.D. Cal. Mar. 1, 2013), the appellate court will exercise its own discretion as to relief sought initially from it, but "in other instances (such as where the trial court has denied the stay) the appellate court simply determines whether the trial court abused its discretion." *Id.* at *1 (quoting *In re Wymer*, 5 B.R. 802, 807 (9th Cir. BAP 1980), and citing *Universal Life Church v. United States*, 191 B.R. 433, 444 (E.D. Cal. 1995)); *see also Dynamic Finance Corp. v. Kipperman (In re North Plaza, LLC)*, 395 B.R. 113, 119 (S.D. Cal. 2008) (same).

Rule 8007(a)(1)(A) allows a party to request from the bankruptcy court a stay pending appeal, but does not address the basis on which such a ruling should be made. The general authorities applicable to a request for a stay pending appeal were summarized in *Thomason Farms, Inc. v. Thomason (In re Thomason)*, 2007 WL 2257662 (Bankr. D.Idaho Aug. 3, 2007):

> "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). In order to obtain a stay pending appeal, [movant/appellant] must demonstrate: 1) a likelihood of success on the merits; 2) irreparable injury if the stay is denied; 3) no substantial harm will come to [appellee]; and 4) that the stay will do no harm to the public interest. *In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980). The appellant bears the burden of proving that all of these elements are satisfied in a particular case. *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006) (quoting *In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000)). Failure to establish even one of the elements dooms the motion. *Id.* (quoting *In re Deep*, 288 B.R. 27, 30 (N.D. N.Y. 2003)).

*Id.* at *2 (footnote omitted). In *Lair v. Bullock*, 697 F.3d 1200 (9th Cir. 2012), the Ninth Circuit styled the four factors as "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

MEMORANDUM OF DECISION - 3

lies." 697 F.3d at 1203 (quoting *Nken v. Holder*, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)). *See also In re Mi Pueblo San Jose, Inc.*, 2014 WL 2219040 (Bankr. N.D. Cal. May 29, 2014); *accord Gibson v. Credit Suisse AG*, 2015 WL 105999 (D. Idaho Jan. 7, 2015) (applying same four factor analysis on motion for stay pending appeal of a sanctions order). The movant seeking a stay pending appeal thus bears a heavy burden. *In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D. N.Y. 2009) (citing *In re DJK Residential, LLC*, 2008 WL 650389 (S.D. N.Y. Mar. 7, 2008)).

As the Bankruptcy Appellate Panel noted, the power to grant a stay "should be sparingly employed and reserved for the exceptional situation." *Wymer*, 5 B.R. at 806. In *In re Jonas*, 2012 WL 2994724, at *2 (Bankr. D. Mont. July 23, 2012), the court noted that "issuance of a stay pending appeal, like a preliminary injunction, rests with the sound discretion of the trial court.

*In re Frantz*, 534 B.R. 378, 384–86 (Bankr. D. Idaho 2015).

### 1. Likelihood of success on appeal

*Frantz* stated:

While there have been variable characterizations over the required showing, the ultimate question for this Court is whether, and to what extent, Debtors have shown a likelihood of success. *See In re Woodcraft Studios, Inc.*, 2012 WL 160225 (N.D. Cal. Jan. 18, 2012) (requiring a strong showing); *North Plaza, LLC*, 395 B.R. at 121 (determining that "[s]howing a 'likelihood of success' requires that the movant raise questions going to the merits [that are] so serious, substantial, difficult and doubtful as to make them fair ground for litigation and thus for more deliberate inquiry.") (citing *County of Alameda v. Weinberger*, 520 F.2d 344, 349 n. 12 (9th Cir. 1975)).

*Id.* at 386.

The likelihood of success on appeal also depends on the standard of review.

*Id*. The standard of review on a decision to convert a case under § 1112 is abuse

MEMORANDUM OF DECISION - 4

of discretion. *Pioneer Liquidating Corp. v. U.S. Trustee (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806 (9th Cir. 2001). The same standard applies to denial of the motion for reconsideration. *First Ave. W. Bldg., LLC v. James (In re OneCast Media)*, 439 F.3d 558, 561 (9th Cir. 2006).

"A bankruptcy court abuses its discretion if it applies an incorrect legal standard, or misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support from evidence in the record." *Frantz*, 534 B.R. at 386 (quoting *Bonnett v. Gillespie (In re Irish Pub-Arrowhead, LLC)*, 2014 WL 486955 (9th Cir. BAP Feb. 6, 2014) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (*en banc*) and *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010)). *See also Pioneer Liquidating Corp.*, 264 F.3d at 806 ("Such a decision will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision.") (internal quotation and citation omitted).

Debtor emphasizes repeatedly that "the only testimony" regarding his status as a farmer was his own. The contention is unpersuasive for several reasons and does not support a conclusion that Debtor has a strong likelihood of prevailing on appeal.

First, the assertion is inaccurate. As the Court noted in denying

MEMORANDUM OF DECISION - 5

reconsideration, Ryan McHugh testified regarding the manner in which Debtor reported his, and Ricks Ranches, Inc.'s, operations and income.  Second, a focus on Debtor's testimony alone ignores the fact that this Court was entitled, indeed obligated, to consider the totality of the evidence in evaluating the issue of Debtor's status as a farmer.[3]  The Court was not required to consider solely Debtor's self-serving direct testimony.  It was entitled to, and did, also evaluate and weigh the contrary and impeaching evidence in the record, and determine Debtor's credibility, and decide the weight to be given his testimony.  The oral decision on conversion, and the reported decision denying reconsideration amplify on these points.[4]

Third, Debtor treated Ricks Ranches, Inc. as "the farming entity" throughout the case including filing Rule 2015.3 reports for that entity, obtaining

---

[3]  A myopic focus on that testimony (or, rather, certain aspects of the testimony to the exclusion of other aspects such as during cross examination) brings to mind the observation by the court in *In re Briggs*, 2012 WL 3780542 (Bankr. N.D. Ill. Aug. 31, 2012).  That court was addressing stay relief under § 362(d)(4).  This Court, earlier in Debtor's case, granted D.L. Evans Bank relief from stay under several provisions of § 362(d) including § 362(d)(4).  It found that Debtor had transferred the property subject to the bank's lien and filed multiple bankruptcy cases, all as part of a scheme to hinder and delay.  *See* Doc. Nos. 167 (minute entry), 189 (transcript).  As this Court mentioned in its August 2013 oral ruling, *Briggs* stated, 2012 WL 3780542 at *6: "The Debtor, of course, denies that a scheme exists, and invites the court to look at various indicia that the . . . case is filed in good faith.  This is, at its essence, an invitation to look closely at one tree and conclude that there is a tree, not a forest.  A scheme, on the other hand, is more precisely the forest than the tree.  When looking at the totality of the circumstances—the forest, if you will—the court has no hesitation in finding that a scheme sufficient to meet the standards of § 362(d)(4) exists."

[4]  All of the Court's prior decisions are incorporated by reference and without extensive reiteration here.

MEMORANDUM OF DECISION - 6

approval of his personal guarantee of the *corporation's* operating loan with Farm Services Agency ("FSA"), and even in his disclosure statement.[5] Debtor's contentions as to whether he—rather than or in addition to Ricks Ranches, Inc.—was a farmer were situational and strategic rather than principled, something seen through the many years and serial bankruptcies by Debtor and that corporation.

Debtor's counsel at hearing acknowledged that this Rule 8007 factor was probably the most difficult for him to overcome. That observation is certainly accurate. The Court finds this factor strongly weighs against granting a stay pending appeal.

### 2. Irreparable injury if stay is denied

Conversion of the case means that Debtor loses the control over his personal nonexempt assets, including his ownership interest in Rick's Ranches, Inc. In argument, Debtor clarified that the stay is only sought to protect against the Trustee's administration of Debtor's ownership interest in Ricks Ranches, Inc. and the possible dissolution and winding up of that corporation under Idaho law. Debtor is not asking to stay Trustee's liquidation of other assets of Debtor, for example the development property that has been the subject of this and his other

---

[5] Debtor's motion seeking borrowing authority, Doc. No. 370, stated "The credit will be extended to Ricks Ranches, Inc., the farming entity, and secured by the assets of Ricks Ranches, Inc., and a personal guarantee from the Debtor." *Id.* at 1–2. The amended disclosure statement, Doc. No. 495, stated *inter alia* that the corporation is Debtor's "principal farming company," and described the FSA loan in terms similar to the borrowing motion.

MEMORANDUM OF DECISION - 7

bankruptcies for years.

The possibility of Debtor controlling the process of the use and disposition of his assets through a chapter 11 was lost when the Court found no basis to grant relief from the earlier stipulated order requiring confirmation of a plan by September 25, 2015.  Cause under § 1112(b) existed and the only issue remaining was whether the case would be converted rather than dismissed with a § 349 bar under on refiling.  Thus, if Debtor is successful in appealing the § 1112(c) issue, the case would be so dismissed.  Debtor's nonexempt assets (including his ownership interest in the corporation) would still be subject to the claims and collection efforts of his creditors, and without bankruptcy stay or protection.

That being said, the Court finds that this factor weighs in Debtor's favor, though not as strongly as Debtor urges.

### 3.     Substantial harm to appellees if stay is denied

As Trustee and creditors note in opposition to the Motion, a stay delays the effective and orderly administration of the assets of this estate, which is now approaching its third year.  And they recognize that conversion, in part, effected a termination of Debtor's § 1107 rights to control the management, protection, treatment and disposition of assets.  A stay as requested would restore some of those rights to Debtor.  This places the estate and its creditors at risk.  There are unanswered questions as to how property of the estate would be effectively

MEMORANDUM OF DECISION - 8

protected from loss or diminution in value, and how additional costs including operating and other expenses will be covered. Debtor's Motion asserts that he will, as the corporation's owner, continue the corporation's farming operations at a profit and that FSA will continue to fund that operation. However, Trustee questioned these assertions, noting that, at the chapter 7 § 341(a) meeting, he learned Ricks Ranches, Inc. had to seek a lien release from FSA in order to pay current wages, and FSA had balked at its request for a lien release required to pay a farm chemical and fertilizer creditor. Trustee suggested a bond should be required, and noted that Debtor had neither provided nor proposed one.[6]

This factor tilts toward denial of the Motion.

### 4. The public interest

As noted in *Frantz*, imposition of a stay retards the orderly and expeditious bankruptcy process of estate administration by an independent trustee. Staying that chapter 7 process does not advance this public interest.

*Frantz* also noted that there is a public interest in ensuring due process is afforded. Here, Debtor has been given such process. While an appeal is raised as to the ultimate decision to convert and the denial of reconsideration, no issues

---

[6] In this regard, Debtor has suggested that other real property assets (non-farm development property in Eagle, Idaho) "likely have enough equity" to net amounts required to pay undisputed claims and administrative expenses. Without belaboring the point, the value of the Eagle properties has been the subject of much litigation and disagreement, permeating this case and the prior bankruptcies. The assertion is not equivalent to a bond.

MEMORANDUM OF DECISION - 9

have been raised as to the notice or process provided or the fairness and deliberativeness of the proceedings.

In addition, to evaluate the public interest, the request for a stay has to be viewed in context. That context includes the number of previous filings, and what occurred in them.

Debtor filed a chapter 11 case in 2009. Case No. 09-00215-JDP. It was later converted to a chapter 7. As Debtor's disclosure statement in the instant case, Doc. No 495, notes, conversion was based on Debtor's "gross mismanagement of the estate," and the Court's finding it could not trust Debtor to handle the finances of the estate given such mismanagement including egregious violations. *Id.* at 5. The conversion was appealed and, eventually, an agreed resolution was negotiated that resulted in dismissal of the appeal and the case. There, after Debtor transferred real property to Ricks Ranches, Inc., the corporation filed a chapter 12 bankruptcy in 2011. Case No. 11-03196-JDP.[7] This case was voluntarily dismissed on the grounds that debts exceeded the statutory limits under § 109(f) and § 101(18) for chapter 12 relief. Then, after retransfer of properties from Ricks Ranches, Inc. back to Debtor, he filed a personal chapter 12 case in 2012. Case No. 12-02091-TLM. Debtor conceded

---

[7] The terms of the agreement resolving the 2009 case, and its subsequent breach by Debtor, and the events preceding the 2011 filing on the eve of renewed foreclosure, including the property transfers, are detailed in the Court's § 362(d)(4) ruling. *See* Doc. No. 189.

MEMORANDUM OF DECISION - 10

that the trustee's motion to dismiss this 2012 case on debt limitation eligibility was well taken. Following that case's dismissal, and the foreclosure of one parcel of property, Debtor filed the instant case in February 2013 on the eve of another parcel's scheduled foreclosure.

    This brief summary is telling. Debtor and his corporation have been in serial bankruptcies since 2009. Creditors have been held at bay, agreements have been breached, conversion of one case was ordered on grounds of gross mismanagement, and cases have been filed despite patent ineligibility. Through it all, Debtor has never been denied due process and, in the present case, was allowed ample time and opportunity to reorganize within the strictures of chapter 11. Having failed, his case was converted, though only after full notice and evidentiary hearing.

    His Motion now seeks to preserve his control in derogation of the statutory rights of Trustee as the representative of the creditors. A stay, under these circumstances, does not serve the public interest. Rather, after some 5 and a half years of unsuccessful reorganization, and given the conduct of Debtor therein, the public interest in a fair, deliberate and orderly bankruptcy system is served by allowing the liquidation process in chapter 7 to proceed. This factor weighs against Debtor and his Motion.

MEMORANDUM OF DECISION - 11

**CONCLUSION**

Based on the foregoing, the Court finds that the objections to the Motion are well taken, and that Debtor has failed to carry his burden to show that imposition of a stay pending appeal under Rule 8007 is warranted. The Motion will be denied. The Court will enter an Order so providing.

DATED: November 23, 2015

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE